IN THE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 06-20984-CIV-HUCK/SIMONTON

ELISE LAURA SOSA, Individually and as
Personal Representative of the Estate of
FRANCISCO JAVIER MELO-RUIZ; and as
legal guardian of HUITZIN GUIDAI QUILLEN
MELO SOSA, a minor; and as legal guardian of
CITLALMIYOLLOTL MELO SOSA, a minor,

      Plaintiffs,
v.

FORD MOTOR COMPANY,
a Delaware Corporation,

      Defendant._____/



**FORD MOTOR COMPANY'S MOTION TO DISMISS ON THE DOCTRINE OF FORUM NON CONVENIENS AND INCORPORATED MEMORANDUM OF LAW**

Defendant, Ford Motor Company ("Ford"), moves to dismiss the above styled action based on the doctrine of forum non conveniens ("FNC"). This issue has been previously briefed, and recently decided, in the following cases pending before the Honorable Shelby Highsmith:

    (a)    Paolicelli v. Ford Motor Co., No. 03-21254 (S.D. Fla.)

    (b)    Pacheco v. Ford Motor Co. No. 02-21380 (S.D. Fla.)

    (c)    Brandalise v. Ford Motor Co., No. 02-23325 (S.D. Fla.)

Ford adopts the briefings related to FNC in those cases. (Composite Exs. A-D). Ford specifically reserves the right to reply once Plaintiff files a response to the instant motion.

Plaintiff and claimants are foreign nationals and residents seeking damages for the death of a foreign national and resident, allegedly resulting from an automobile accident occurring in Argentina. Plaintiff's efforts to utilize the resources of an American court to resolve her claims

MIA#2459083.1

is contrary to established law. Dismissal is the appropriate remedy.

If this action is dismissed, Ford will stipulate to: (a) submit to the jurisdiction of the Argentine courts; (b) accept service of process from the courts of Argentina; (c) provide access to discovery gathered during the MDL proceeding; all access to such discovery shall be subject to the same assurances of confidentiality as those applicable in the U.S.; (d) satisfy a final judgment rendered against it in Argentina, subject to applicable rights to appeal under Argentine law; and (e) treat the action filed in Argentina as though it had been filed in that forum on the date it was filed in this Court, with service of process accepted as of that date.

## MEMORANDUM OF LAW

**I.      STATEMENT OF FACTS**

Francisco Javier Melo Ruiz was the driver and sole occupant in a 1993 Ford Explorer that was involved in a one-vehicle accident on April 25, 2004 in Gobernador Gregores, Argentina. (Comp. at ¶ 7).[1] According to the allegations in Plaintiff's Complaint, the vehicle was proceeding along Route 25, about 95 to 120 kilometers outside of the city of Gobernador Gregores in Argentina, when "it suddenly and unexpectedly lost control, rolled over several times, crashed," causing fatal injuries to Mr. Melo Ruiz. (Comp. at ¶ 7).

No information regarding this accident, the decedent, Plaintiff or the claimants is located in Florida. The majority of relevant third-party witnesses and documentary evidence regarding this accident is located in Argentina, where the accident occurred. Further, based upon information and belief, Mr. Melo Ruiz was an Argentine resident at the time of the accident and

---

[1]      The vehicle was registered in Ecuador. (Ex. E – Vehicle Registration).

Plaintiff and claimants were and continue to be Argentine residents. Specifically, the information gathered to date[2] reveals the following:

- The accident giving rise to this action occurred in Argentina. (Comp. ¶ 7)

- The accident was investigated by Argentine authorities. (Ex. F - Argentine Police Report).

- Decedent's death was registered in Argentina. (Ex. G - Death Certificate).[3]

- The births of Decedent's surviving daughters, named Hitzin Guidau Quillen Melo Sosa, age 5, and Citalmiyollotl Melo Sosa, age 1, were registered in Buenos Aires, Argentina, presumably their place of residence. (Composite Ex. I - Civil Registrations).[4]

## II. FORUM NON CONVENIENS DISMISSAL IS WARRANTED IN THIS CASE.

U.S. products are distributed to every corner of the globe. Plaintiff's position is that all controversies against U.S. manufacturers, brought by foreign plaintiffs, based on injuries sustained by foreign citizens, while in a foreign country, allegedly caused by products sold and exclusively used in the foreign country, should be tried in the U.S. Our judicial system was not created for purposes of resolving the world's litigation, however. See Piper Aircraft v. Reyno, 454 U.S. 235, 252 (1981).

With respect to the availability and adequacy of Argentina, one decision after another has found Argentina available and adequate within several contexts. See Pacheco v. Ford Motor Co.,

---

[2] Pursuant to the Court's ruling at the June 7, 2006 telephone conference, the Court ordered Ford to file its Motion to Dismiss Based on Forum Non Conveniens on or before June 20, 2006. While the parties have not yet engaged in formal discovery, prior to bringing the action, Plaintiff's counsel submitted several records to Ford which are attached to this Motion.

[3] Decedent was a Mexican national. (Composite Exhibit H - Decedent's Mexican passport and Mexican birth certificate).

[4] Decedent's daughters appear to be Mexican nationals. (Composite Ex. J - Letters from Decedent to Mexican embassy regarding registration of the births of his daughter.)

consolidated with Brandalise v. Ford Motor Co., Paolicelli v. Ford Motor Co., DeBenso v. Ford Motor Co., Nos. 02-21380, 02-23325. 03-21254, 05-23302 (S.D. Fla. May 24, 2006) (Highsmith, J.) (multiple actions/Argentina) (Ex. K); Satz v. McDonnell Douglas Corp., 244 F.3d 1279, 1282-84 (11th Cir. 2001) (products liability); Aerolineas Argentinas, S.A. v. Gimenez, 807 So. 2d 111, 113-14 (Fla. 3d DCA 2000) (negligence); see also Warter v. Boston Sec., No. 03-81026-CIV-Ryskamp, 2004 WL 2988555, *6-11 (S.D. Fla. Dec. 15, 2004) (commercial); Vadino v. Banco de Entre Rios, No. 95-55170, 1996 WL 279854, at *1-2 (9th Cir. May 10, 1996) (commercial); Hidrovia, S.A. v. Great Lakes Dredge & Dock Corp., No. 02-C-5408, 2003 WL 2004411, at *1-2 (N.D. Ill. April 28, 2003) (commercial).[5]

With respect to the public and private interest factors, multiple courts, including this Court, have dismissed similar products liability actions by foreign plaintiffs, stemming from Explorer-related accidents occurring abroad. See Ucros Bonilla v. Ford, Case No. 05-22080 (S. D. Fla. June 2, 2006) (two actions/Colombia) (Ex. L); Pacheco, slip op.; Rivas v. Ford Motor Co., No. 8:02CV-676-T-17-EAJ, 2004 WL 1247018 (M.D. Fla. Apr. 19, 2004) (Venezuela); Morales v. Ford Motor Co., 313 F. Supp. 2d 672 (S.D. Tex. 2004) (Venezuela); In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Action, 305 F. Supp. 2d 927 (S.D. Ind. 2004)

---

[5] But see Ford Motor Co., et. al v. Nowell, 896 So. 2d 768 (Fla. 4th DCA 2005) (table) (Argentina). In Nowell, the Broward County trial judge denied FNC dismissal. At the time, the only other decision in Explorer-related foreign plaintiff cases was MDL I. Nowell was per curiam affirmed without opinion and thus has no precedential value. See State v. Swartz, 734 So. 2d 448 (Fla. 4th DCA 1999). Moreover, following Nowell, it came to light that plaintiff's expert intentionally omitted (via ellipsis) a provision that would have established that Argentina was available; plaintiffs' counsel conceded that Argentina was adequate; and the MDL court held in MDL II that in the foreign plaintiff cases the interest factors favored the foreign forum. These matters are again before the Fourth District Court of Appeal in Ford v. Papandopoles/Yampa, Case No. 4D05-4820.

("MDL II") (multiple actions/Mexico);[6] Gonzalez v. Ford Motor Co., No. P-02-CA-137, consolidated with, Linares v. Ford Motor Co., No. P-02-CA-016 (W.D. Tex. Sept. 22, 2003) (Venezuela) (Ex. M); Lopez v. Bridgestone/Firestone, Inc., et al., No. P-03-CA-032 (W.D. Tex. Sept. 22, 2003) (Venezuela) (Ex. N); Canales v. Bridgestone/Firestone, Inc., et al., No. P-03-CA-057 (W.D. Tex. Sept. 22, 2003) (Mexico) (Ex. O); In re Bridgestone/Firestone & Ford Motor Company Tire Litigation ("Bridgestone/Tenn"), 138 S.W.3d 202 (Tenn. Ct. App. 2003) (multiple actions//Mexico); see also Rodriguez v. Ford Motor Co., No. Civ.B-04-036, 2005 WL 2952612 (S.D. Tex. Nov. 22, 2004) (multiple actions/Mexico); Ruelas v. Michlin N. Am. & Ford Motor Co., No. C04-5369 MHP, 2005 WL 3560587 (N.D. Cal. Dec. 29, 2005) (Ford Bronco/Mexico); Juanes v. Continental Tire N. Am. & Ford Motor Co., No. 05-4015-JLF, 2005 WL 2347218 (S.D. Ill. Sept. 26, 2005) (Ford Lobo/Mexico). These results are consistent with decisions from other courts that have dismissed product liability suits against U.S manufacturers arising from injuries sustained abroad by foreign plaintiffs.

As further set forth in the briefings adopted, this case belongs in Argentina.

---

[6] The In re Bridgestone/Firestone, Inc. Tires Products Liability MDL proceeding included domestic and foreign accident cases resulting from Explorer/Firestone-related accidents. The MDL court initially declined to dismiss the foreign accident cases (Venezuela and Colombia) on FNC grounds in MDL I, although it did find Colombia available and adequate.

Since that decision, the MDL court has revisited the issue and dismissed subsequent foreign accident cases brought by foreign plaintiffs in MDL II (Mexico). For present purposes, the findings in MDL I that the interest factors favor dismissal in foreign accident cases represents a significant deviation from MDL I.

MDL II was appealed to the Seventh Circuit and was recently remanded for further proceedings with respect to the availability and adequacy of Mexico as an alternative forum (based on plaintiff's allegations that upon dismissal they attempted to file suit in Mexico and the Mexican Court rejected their claim for lack of jurisdiction and defendant's position that plaintiff's attempt to refile in Mexico was not made in good faith). See In re Bridgestone/Firestone, Inc., Tires Prods. Liab. Action, 420 F.3d 702 (7th Cir. Aug. 25, 2005). But, the trial court's findings that the interest factors favored the alternative forum was not disturbed on appeal. See id. at 704-05 (the private and public interest factors "support the soundness of the district court's decision" to grant FNC dismissal).

## CONCLUSION

Based on the foregoing discussion and authorities, Ford respectfully requests that the Court enter an order dismissing this case to Argentina.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was sent via U.S. Mail on this 20th day of June, 2006 to: **EDWARD MONTOYA, ESQ.**, at Montoya Law Firm, P.A., *Attorneys for Plaintiff,* 11767 South Dixie Highway, Suite No. 223, Miami, Florida 33156.

Respectfully submitted

CARLTON FIELDS, P.A.
*Attorneys for Defendant Ford Motor Company*
4000 Bank of America Tower
100 Southeast Second Street
Miami, Florida 33131
Telephone (305) 530-0050
Facsimile (305) 530-0055

By: _____
for WENDY F. LUMISH
Florida Bar No. 334332
wlumish@carltonfields.com
ALINA ALONSO
Florida Bar No. 178195
aalonso@carltonfields.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

# ATTACHMENT(S) NOT SCANNED

## PLEASE REFER TO COURT FILE MAINTAINED IN THE OFFICE WHERE THE JUDGE IS CHAMBERED

### CASE NO. 06-20984-CV-PCH
### DE #13

☑ **DUE TO POOR QUALITY, THE ATTACHED DOCUMENT IS NOT SCANNED**

---

☐ VOLUMINOUS (exceeds 999 pages = 4 inches) consisting of (boxes, notebooks, etc.)_____
☐ BOUND EXTRADITION PAPERS
☐ ADMINISTRATIVE RECORD (Social Security)
☐ ORIGINAL BANKRUPTCY TRANSCRIPT
☐ STATE COURT RECORD (Habeas Cases)
☐ SOUTHERN DISTRICT TRANSCRIPTS
☐ LEGAL SIZE
☐ DOUBLE SIDED
☐ PHOTOGRAPHS
☐ POOR QUALITY (e.g. light print, dark print, etc.)
☐ SURETY BOND (original or letter of undertaking)
☐ CD's, DVD's, VHS Tapes, Cassette Tapes
☐ OTHER = _____